Filed 12/15/15  P. v. Voight CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C079310 |
| Plaintiff and Respondent, | (Super. Ct. No. CM006827) |
| v. | |
| CURTIS JAMES VOIGHT, | |
| Defendant and Appellant. | |

"On November 6, 2012, the California electorate approved Proposition 36, otherwise known as the Three Strikes Reform Act of 2012 . . . which became effective the next day [and which] enacted [Penal Code] section 1170.126, establishing a procedure for an offender serving an indeterminate life sentence for a third strike conviction . . . to file a petition for recall of sentence.  [Citation.]"  (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 596-597.)  "On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act . . . , which went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)"  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  Proposition 47 created a resentencing provision, codified

1

at Penal Code section 1170.18,[1] which provides that a person currently serving a sentence for certain designated felonies may petition for recall of the sentence to reduce the felony to a misdemeanor.  Defendant Curtis James Voight appeals from an order denying his petition for relief under Proposition 36 and Proposition 47.

Defendant's petition was denied upon a determination that he was not eligible for relief under either proposition because he had a prior conviction for violation of subdivision (a) of section 288, committing a lewd and lascivious act on a child under the age of 14.  (§§ 667, subd. (e)(2)(C)(iv)(III), 1170.12, subd. (c)(2)(C)(iv)(III), 1170.126, subd. (e)(3), 1170.18, subd. (i).)

Counsel was appointed to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and requesting this court to review the record and determine whether there were any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to Proposition 36 or Proposition 47 remains an open question.  Our Supreme Court has not spoken.  The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals.  (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Serrano* (2012) 211 Cal.App.4th 496; *People v. Dobson*

---

[1] Undesignated statutory references are to the Penal Code.

(2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.)  Nonetheless, in the absence of published authority to the contrary, we will adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements and defendant has been afforded the opportunity to file a supplemental brief.

Having undertaken an examination of the record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.


                                        RAYE                    , P. J.



We concur:



          BLEASE          , J.



          MAURO          , J.